IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Angel Francisco Castro-Torres, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-cv-02636-JOF |
| Jeremiah M. Lignitz and : | |
| Brian J. Walraven , : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before the court on the parties' Joint Motion for Stipulated Protective Order [26].

Plaintiff filed the present Complaint on August 21, 2010, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. These violations arise after Defendants, Officers of the Cobb County Police Department, allegedly stopped Plaintiff while he was riding his bicycle. Plaintiff claims he was stopped and questioned about his immigration status due to Defendants alleged observation that Plaintiff was Hispanic. Plaintiff then contends that he was arrested, and in the course of the arrest, Defendants broke bones in his nose and left eye socket.

The protective order that the parties request the court to approve, in part, allows the parties to file documents with the court that contain redacted information. For Plaintiff, the information to be redacted is "any information that contains, discloses, or reveals information bearing on, or calculated to reveal, Plaintiff's national origin or immigration status." D.E. [26-1], 2, ¶ 3. For Defendants, the information to be redacted is Defendants' personal telephone numbers and addresses, the personal telephone numbers and addresses of any employee of Cobb County, and "all identifying information of criminal defendants, arrestees, or detainees." *Id*. at 3, ¶ 4.

The court is not concerned with the parties' desire to redact information in documents they produce to one another. However, the court is concerned with the parties placing limitations on the contents, type, and breadth of information to be filed with the court. The court is especially concerned with the portion of the protective order allowing documents to be filed with this court with information regarding Plaintiff's immigration status and national origin redacted. Misprision of a felony, or concealment of a felony, is "a crime of moral turpitude," and it is "behavior that runs contrary to accepted societal duties and involves dishonest or fraudulent activity." *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002). The protective order the parties asked to be entered requests the court actively allow the parties to file documents with the court that redact information regarding Plaintiff's national origin and immigration status, and such information could be relevant to the

2

commission of a felony. As misprision of a felony is against public policy, *see Itani*, 298 F.3d at 1216, the court will not enter this protective order as currently written.

As to redaction of personal identifiers such as home phone numbers and addresses, the court directs the parties' attention to this court's local rules and Standing Order 04-02. Standing Order 04-02 states that "[P]arties shall refrain from including, or shall partially redact where inclusion is necessary . . . personal identifiers from all documents filed with the Court, including exhibits thereto, whether filed electronically or in paper." Local Rules N.D. Ga., Appendix H; Standing Order 04-02.

The parties' Joint Motion for Stipulated Protective Order is DENIED [26].

**IT IS SO ORDERED** this 31st day of March, 2011.

                                                    /s/ J. Owen Forrester
                                                    J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)